# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00134-CR

**Lee Vaughn Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63571, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lee Vaughn Davis of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009). Davis pleaded true to enhancement paragraphs alleging three prior felony convictions, and punishment was assessed at 99 years' imprisonment.

The jury heard evidence that, on June 9, 2008, Davis attacked his girlfriend, Samantha Montgomery. Davis and Montgomery lived in an apartment complex in Harker Heights with Montgomery's six-year-old daughter, A.M., and five-year-old son, I.M. Montgomery testified that, on the day of the alleged assault, she was planning to end her relationship with Davis. Fearing how Davis might react to the break-up, Montgomery had sent A.M. to stay with Montgomery's friend Turquis Miller in a neighboring apartment unit. At the time, I.M. was staying with his grandmother.

Montgomery testified that she called Davis and told him that she needed to speak with him. When he arrived home, Montgomery recalled, she told Davis that she wanted to end their relationship. According to Montgomery, Davis responded by putting his hand around her neck and choking her. Montgomery explained that after Davis let go of her, she "tried to escape out the door," but he grabbed her, pulled her back to him, and started slapping her. After that, Montgomery testified, Davis pulled her into the kitchen, grabbed a steak knife, and held it up to her neck. Montgomery was "terrified" at this point and "had to talk nice to him just for him to remove it." Montgomery further testified that after Davis put the knife down on the kitchen table, he picked up a frying pan and threatened to hit her with it. He then told her that if the police came, "he was going to kill me and kill himself."

Later, Montgomery continued, A.M. returned home and knocked on the door. Davis began yelling at A.M., and Montgomery told her to return to Miller's apartment. According to Montgomery, after A.M. left, Davis resumed choking and hitting her.

Miller testified that A.M. returned to her apartment crying hysterically. After speaking with A.M. about why she was upset, and learning from a neighbor that he had heard noises coming from Montgomery's apartment, Miller became concerned and immediately called 911. The police arrived shortly thereafter.

Officer Tammy Pearson of the Harker Heights Police Department testified that when she and another officer arrived at Montgomery's apartment and announced their presence, "the door flew open" and Montgomery ran past the officers and down the stairs. Pearson then saw Davis in the apartment and attempted to find out from him what had happened. However, according to

2

Pearson, Davis was very angry and agitated and the officers had difficulty eliciting information from him. Pearson then left Davis with the other officer and went to find Montgomery. She found her downstairs outside Miller's apartment and began asking her questions about the incident. During their conversation, Davis "came walking very fast and in an aggressive manner over toward us and he was demanding his keys from her." Fearing that Montgomery was in danger, Pearson placed herself between them. Pearson testified that Davis then told her that "I would have to shoot him. He was going to make it a felony." Pearson thought this meant that Davis either had a weapon on him or he was about to assault either her or Montgomery. Pearson then radioed for additional backup and Davis walked away.

When additional officers arrived, Davis was arrested. Pearson testified that Davis resisted arrest and that there was a struggle between Davis and another officer, Brad Duffy, that resulted in Davis being taken to the ground. Eventually, the officers were able to secure Davis in the patrol car. Duffy testified that during the transport to the police department, Davis told the officers, "You all f***ed up this time. . . . you're going to have to kill me before we get to the police department." Duffy added that Davis made "several other threats" while he was in the patrol car and remained "very irate and agitated."

Davis's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684

3

(Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Davis received a copy of counsel's brief and has submitted a written response objecting to counsel's motion to withdraw and asserting reasons why he does not believe the appeal is frivolous.

We have reviewed the record, counsel's brief, and Davis's written response and find no reversible error. *See Garner v. State*, No. PD-0904-07, 2009 Tex. Crim. App. LEXIS 1739, at *8 (Tex. Crim. App. Dec. 9, 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   February 19, 2010

Do Not Publish

4